UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------X
KRIS A. SCHUMACHER, as Executor of the
Estate of George H. Schumacher, deceased,

                        Plaintiff,
                                                    MEMORANDUM & ORDER
       -against-                                    19-CV-5744(JS)(SIL)

SUNRISE SENIOR LIVING MANAGEMENT, INC.,

                        Defendant.
------------------------------------------X
APPEARANCES
For Plaintiff:        Jennifer Ann Spellman, Esq.
                      Law Office of Kujawski & Kujawski
                      1637 Deer Park Avenue, PO Box 661
                      Deer Park, New York 11729

For Defendant:        Rafael Vergara, Esq.
                      White and Williams, LLP
                      7 Times Square, Suite 2900
                      New York, New York 10036

SEYBERT, District Judge:

        Plaintiff Kris A. Schumacher ("Plaintiff"), as Executor

of the Estate of George H. Schumacher ("Decedent"), commenced this

action against defendant Sunrise Senior Living Management, Inc.

("Sunrise" or "Defendant") after Decedent's injury and death at a

Sunrise entity.[1] (Compl., D.E. 1-3.)[2] Before the Court is Defendants' motion to dismiss the first cause of action for violation of New York State Public Health Law (N.Y. PUB. HEALTH § 2801) (Def. Mot., D.E. 10; Def. Br., D.E. 10-1; Pl. Opp., D.E. 11; Def. Reply, D.E. 13.) For the reasons that follow, Defendant's partial motion is DENIED.

BACKGROUND[3]

Plaintiff alleges that Sunrise is a "nursing home which claims proper care and safety to residents." (Compl. ¶ 4.) On May 19, 2019, Decedent, a resident of Sunrise Senior Living of West Babylon, fell, suffered severe and permanent injuries, and died. Plaintiff alleges that Decedent's injuries were caused by Sunrise's inadequate supervision. (Compl. ¶¶ 19-21.) Plaintiff's first cause of action alleges that Sunrise violated New York Public Health Law Article 28 by failing to properly operate the facility and rendering improper care to Decedent. (Compl. ¶¶ 22-29.)

---

[1] The Complaint names "Sunrise Senior Living" in addition to "Sunrise Senior Living Management, Inc." (See Compl. at 1.) Defendant notes that "Sunrise Senior Living" is not a legal entity capable of being sued. Rather, it is merely a common name by which "the assisted living community is known." (Def. Mot. at 1 n.1.)

[2] Plaintiff commenced the action in New York State Court. Defendants removed the action to this Court on the basis of diversity. (Notice of Removal, D.E. 1, at ¶ 3.)

[3] The following facts are drawn from the Complaint and are assumed to be true for purposes of this Memorandum and Order.

Plaintiff also brings claims of negligence per se, medical malpractice, common law negligence, and wrongful death. (See Compl. ¶¶ 30-46.)

In moving to dismiss the first claim, Sunrise argues that the Public Health Law is inapplicable because it is not a residential health care facility but rather an assisted living community. (Def. Br. at 1-2.) In support, Sunrise asks this Court to consider several documents attached as exhibits to its motion: (1) the residency agreement between Sunrise and Decedent (D.E. 10-3); (2) a state medical form completed by Decedent's doctor prior to his admittance to Sunrise (D.E. 10-4); and (3) Sunrise's operating certificate (D.E. 10-6). Plaintiff opposes consideration of these documents, contending they are outside the scope of her Complaint. (Pl. Opp. at 1-3.)

## ANALYSIS

### I.  Legal Standard

To withstand a motion to dismiss, a complaint must contain factual allegations that "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)). This plausibility standard is not a "probability requirement" and requires "more than a sheer

possibility that a defendant has acted unlawfully." Id. (internal quotation marks and citation omitted).

In deciding a motion to dismiss, the Court is confined to "the allegations contained within the four corners of [the] complaint," Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 71 (2d Cir. 1998), but this has been interpreted broadly to include any document attached to the complaint, any statements or documents incorporated in the complaint by reference, any document on which the complaint heavily relies, and anything of which judicial notice may be taken. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152–52 (2d Cir. 2002). As relevant here,

> In considering a motion to dismiss for failure to state a claim under FED. R. CIV. P. 12(b)(6), a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference. Of course, it may also consider matters of which judicial notice may be taken under FED. R. EVID. 201. If a district court wishes to consider additional material, Rule 12(b) requires it to treat the motion as one for summary judgment under Rule 56, giving the party opposing the motion notice and an opportunity to conduct necessary discovery and to submit pertinent material.

Kramer v. Time Warner Inc., 937 F.2d 767, 773 (2d Cir. 1991).

II.  Discussion

Defendant moves to dismiss only Plaintiff's public health law claim, arguing that Sunrise is not a residential health care facility as defined by, and required by, Article 28, making

it inapplicable.  (Def. Br. at 1-2).  Plaintiff primarily responds

that Defendant's motion is based upon documents outside the scope

of her Complaint (Pl. Opp. at 1-3) and, on the merits, that

Decedent fell while being supervised shaving in the bathroom, a

supervised hygienic service rendering Article 28 applicable (Pl.

Opp. at 4).

    A. New York Public Health Law Article 28

New York's Public Health Law Article 28 creates a private

right of action for "patients of residential health care

facilities."  N.Y. PUB. HEALTH § 2801-d.  "Any residential health

care facility that deprives any patient . . . of any right or

benefit . . . [meaning] any right or benefit created or established

for the well-being of the patient by the terms of any contract, by

any state statute, code, rule or regulation or by any applicable

federal statute, code, rule or regulation" can be liable.  Id.

§ 2801-d(1).

A residential health care facility is defined as (1) "a

nursing home or [(2)] a facility providing health-related

service."  N.Y. PUB. HEALTH § 2801(3).  The statute further defines

a "nursing home" as:

> a facility providing therein nursing care to
> sick, invalid, infirm, disabled or
> convalescent persons in addition to lodging
> and board or health-related service, or any
> combination of the foregoing, and in addition
> thereto, providing nursing care and health-

related service, or either of them, to persons
who are not occupants of the facility.

Id. § 2801(2).  And "'health-related service' means service in a
facility or facilities which provide or offer lodging, board and
physical care including, but not limited to, the recording of
health information, dietary supervision and supervised hygienic
services incident to such service."  Id. § 2801(4)(b).

B. Extrinsic Documents

Defendant argues that the residency agreement, the
medical form, and the operating license are incorporated by
reference in the Complaint, integral to the Complaint, and
appropriate for consideration in support of its motion to dismiss.
(Def. Reply at 4.)  The Court disagrees.  The Complaint alleges
that Decedent "was a resident in Sunrise Senior Living . . . under
the care and management of Defendant[ ]."  (Compl. ¶ 19.)  It
further alleges that Sunrise was "a nursing home" (see, e.g. Compl.
¶ 4) and that Decedent received improper care in violation of state
and federal statutes and his "contract of admission" (Compl. ¶ 23).

"To the extent that [Sunrise] seeks to use these
extrinsic materials to rebut the allegations in the Complaint, it
may not do so on a motion to dismiss: The fact that evidence is
inconsistent with a complaint's allegation is not a reason to
consider it on a motion to dismiss."  Powell v. Merrick Acad.
Charter Sch., No. 16-CV-5315, 2018 WL 1135551, at *4 (E.D.N.Y.

6

Feb. 28, 2018) (internal quotation marks and citation omitted). "Federal courts have complete discretion to determine whether or not to accept the submission of any material beyond the pleadings offered in conjunction with a Rule 12(b)(6) motion . . . ." Stephens v. Bayview Nursing & Rehab. Ctr., No. 07-CV-0596, 2008 WL 728896, at *2 (E.D.N.Y. Mar. 17, 2008) (internal quotation marks and citation omitted).

Here, the crux of the issue, clearly disputed by the parties, is whether Sunrise is a nursing home or an assisted living community. While the documents proffered by Sunrise may ultimately become relevant to this issue, the Complaint does not heavily rely upon them and its "passing references" to a contract of admission is not "sufficient to incorporate them by reference" at this juncture. Powell, 2018 WL 1135551 at *4. The issue is more properly resolved after discovery. See Boykin v. 1 Prospect Park ALF, LLC, 993 F. Supp. 2d 264, 272-275(E.D.N.Y. 2014) (on summary judgment, discussing the differences between residential care facilities and assisted living facilities and the varying schemes of New York Public Health Law Article 28 and Article 46). Accordingly, the Court does not consider the documents.

Further, the Court declines to convert the motion into one for summary judgment. There are several other causes of action that Sunrise has not moved to dismiss and will proceed and require discovery. The Court finds that it is more prudent, and

more efficient, to consider any applications regarding the public health claim after discovery.

C. The Merits Application

The Court notes that aside from its position that Sunrise is not a nursing home, Defendant does not otherwise challenge the sufficiency of the factual allegations underlying this claim.[4]  On its face, the Complaint plausibly alleges a violation of Public Health Law Article 28.  It alleges that Sunrise was a nursing home subject to several federal, state, and county regulatory and licensing schemes (see Compl. ¶¶ 12-18) that it did not comply with when caring for Decedent (Compl. ¶¶ 20-21, 23-24).  It further alleges that as a result of this non-compliance, Sunrise caused Decedent's injury and death.  Thus, the Complaint plausibly alleges an Article 28 violation.  Accordingly, Defendant's motion to dismiss the New York State Public Health Law Article 28 claim is DENIED.

---

[4] The Court will not pass on Plaintiff's alternative argument, that Decedent fell while shaving in the bathroom under supervision, a "supervised hygienic service."  (Pl. Opp. at 4.) These factual allegations do not appear in the Complaint, nor was the public health claim based on this theory in the Complaint.  (See D'Alessandro v. City of N.Y., 713 F. App'x 1, 11 n.12 (2d Cir. 2017) ("a party is not entitled to amend its complaint through statements made in motion papers"); Peacock v. Suffolk Bus Corp., 100 F. Supp. 3d 225, 231 (E.D.N.Y. 2015) ("It is well-settled that a plaintiff cannot amend his complaint by asserting new facts or theories for the first time in opposition to a motion to dismiss.").

CONCLUSION

Defendant's partial motion to dismiss (D.E. 10) is DENIED.  The parties shall adhere to all discovery deadlines set by Magistrate Judge Stephen I. Locke.


SO ORDERED.


/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:     May __6__, 2020
           Central Islip, New York