```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------X
KRIS A. SCHUMACHER, as Executor of the
Estate of George H. Schumacher, deceased,

                    Plaintiff,
                                                MEMORANDUM & ORDER
         -against-                              19-CV-5744(JS)(SIL)

SUNRISE SENIOR LIVING MANAGEMENT, INC.
and SUNRISE SENIOR LIVING,

                    Defendants.
-----------------------------------------X
APPEARANCES
For Plaintiff:      Jennifer Ann Spellman, Esq.
                    Law Office of Kujawski & Kujawski
                    1637 Deer Park Avenue, P.O. Box 661
                    Deer Park, New York 11729

For Defendants:     Rafael Vergara, Esq.
                    White and Williams, LLP
                    7 Times Square, Suite 2900
                    New York, New York 10036
```

SEYBERT, District Judge:

Plaintiff Kris A. Schumacher ("Plaintiff"), as Executor of the Estate of George H. Schumacher ("Decedent"), seeks an order remanding this action to the Supreme Court of the State of New York, Suffolk County, pursuant to 28 U.S.C. § 1367(c). (Mot., ECF No. 20; Pl. Br., ECF No. 20-1.) Defendant Sunrise Senior Living Management, Inc. ("Defendant")[1] opposes the motion. (Def. Opp.,

---

[1] The Complaint also names "Sunrise Senior Living" as a defendant. (See Compl., ECF No. 1-3, at 1.) According to Defendant, "Sunrise Senior Living" is not a legal entity capable of being sued. Rather, it is a common name by which "the assisted living community is known." (Def. Dismissal Br., ECF No. 10-1, at 1 n.1.) Although Plaintiff did not respond to this argument in opposition to

ECF No. 21.)  For the reasons that follow, Plaintiff's motion is DENIED.

BACKGROUND AND PROCEDURAL HISTORY

The Court presumes the parties' familiarity with the facts and procedural history recited by this Court in prior orders. See Schumacher v. Sunrise Senior Living Mgmt., Inc., No. 19-CV-5744, 2020 WL 2198127 (E.D.N.Y. May 6, 2020).  By way of brief background, on October 10, 2019, Defendant invoked the Court's diversity jurisdiction under 28 U.S.C. § 1332 ("Section 1332") and removed this action to this Court from the New York State Supreme Court, Suffolk County, pursuant to 28 U.S.C. § 1441.  (Notice of Removal, ECF No. 1, ¶¶ 2-3.)

The Complaint alleges that Decedent was a resident of Sunrise Senior Living of West Babylon when, on May 19, 2019, he fell and suffered severe and permanent injuries, resulting in his death.  (Compl., ECF No. 1-3, ¶¶ 19-21.)  Plaintiff asserts a violation of New York Public Health Law Article 28 ("Article 28") arising out of Defendant's alleged failure to operate the facility and failure to provide adequate care and supervision.  (Id. ¶¶ 22-29.)  Plaintiff also asserts claims of negligence per se, medical

---

Defendant's motion to dismiss nor in its remand motion, Defendant has not moved to formally dismiss "Sunrise Senior Living" as a defendant.  Nonetheless, the Court refers to a singular "Defendant" without passing judgment as to the viability of Sunrise Senior Living as a defendant.

malpractice, common law negligence, and wrongful death. (Id. ¶¶ 30-46.)

After removal, Plaintiff did not move to remand this action to the state court. On January 21, 2020, Defendant filed a motion to dismiss the Complaint's first cause of action, arguing that Plaintiff failed to allege a violation of Article 28 because Defendant is not a residential health care facility as defined, and required, by Article 28. (Def. Dismissal Mot., ECF No. 10; Def. Dismissal Br., ECF No. 10-1, at 1-2.) Plaintiff opposed the motion. (Pl. Opp., ECF No. 11.) On May 6, 2020, the Court denied the motion finding that "whether Sunrise is a nursing home or an assisted living community" is an issue of fact "more properly resolved after discovery." Schumacher, 2020 WL 2198127, at *3. The Court also found that the Complaint plausibly alleges an Article 28 violation. Id.

On May 20, 2020, Defendant filed an answer to the Complaint. (Answer, ECF No. 15.) On July 14, 2020, this motion followed. (See Mot.)

## DISCUSSION

I.  Legal Standard

A defendant may remove a state court action to federal court based on diversity jurisdiction by filing a notice of removal within "30 days after" service of the initial pleading. See 28 U.S.C. §§ 1446(a) and (b)(1). Pursuant to Section 1332(a),

3

district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000," and where there is diversity of citizenship between the parties, including where the parties are "citizens of different states."

A plaintiff seeking to remand a case back to state court must file a motion "within 30 days of the filing of the notice of removal, unless there is a defect in subject matter jurisdiction, in which case the action must be remanded if the defect is identified before final judgment." Kanayama v. KESY LLC, No. 14-CV-3405, 2015 WL 1433203, at *3 (S.D.N.Y. Mar. 30, 2015) (citing 28 U.S.C. § 1447(c)). "It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction." Blockbuster, Inc. v. Galeno, 472 F.3d 53, 57 (2d Cir. 2006) (citation omitted). "The removal requirements are construed narrowly, and any doubts are resolved against removal." Kanayama, 2015 WL 1433203, at *3 (citing In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig., 488 F.3d 112, 124 (2d Cir. 2007)).

II. Analysis

Plaintiff asks the Court to "decline to exercise supplemental jurisdiction" over the Complaint and remand this matter back to the state court under 28 U.S.C. § 1367(c) ("Section 1367(c)"). (Pl. Br. at ECF pp. 3-4.) However, Section 1367(c)

4

does not provide a basis for remand. It is true that "district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." See Section 1367(c)(3). However, Plaintiff's "argument misses one key point: the [Notice of Removal] expressly alleges . . . diversity jurisdiction" and thus, the Court has "original jurisdiction over the [state law claims] if diversity jurisdiction exists." Hooper v. PetSmart, Inc., No. 18-CV-1706, 2019 WL 4888651, at *5 (E.D.N.Y. Sept. 30, 2019); Morris v. City of Buffalo, No. 97-CV-0134, 1999 WL 307683, at *1 n.3 (W.D.N.Y. May 6, 1999) ("Section 1367(a) makes clear that 'original jurisdiction' is a prerequisite to the exercise of supplemental jurisdiction"). Accordingly, the Court declines to remand this action under Section 1367(c).

Plaintiff does not explicitly argue that the Court lacks subject matter jurisdiction. To the contrary, Plaintiff argues that "[t]he diversity of the parties, while legally sufficient, is practically non-existent." (Pl. Br. at ECF p. 2 (emphasis added).) Nonetheless, the Court considers Plaintiff's argument, to the extent asserted, that diversity jurisdiction is lacking because the "sole basis for diversity is the corporate structure of Defendant, the foreign entity having no direct connection to the complained of negligence." (See Pl. Br. at ECF p. 2.) Plaintiff, as the executor of an estate, is a citizen of New York, the same

5

state as Decedent.  (Compl. ¶¶ 1-2); Section 1332(c)(2).  Defendant Sunrise Senior Living Management, Inc. is a citizen of Virginia: it is a Virginia corporation with its principal place of business in Virginia.  See Section 1332(c)(1); Universal Licensing Corp. v. Paola del Lungo, S.p.A., 293 F.3d 579, 581 (2d Cir. 2002).  As for Defendant "Sunrise Senior Living," in the Notice of Removal, Defendant averred that it is "not a legal entity but is merely the brand name of an assisted living provider, and therefore, it does not have citizenship in any state."  (Notice of Removal ¶ 5(d)); see supra note 1.  Defendant also stated that "[t]he Sunrise of West Babylon community is managed and operated by defendant Sunrise Senior Living Management, Inc."  (Notice of Removal ¶ 5(d).)  Plaintiff does not dispute these representations.  Therefore, the parties are diverse.

Other than a vague reference to Defendant's position as to damages in settlement discussions, Plaintiff does not argue the amount in controversy is below $75,000.  (Pl. Br. at ECF p. 2.)  Nonetheless, the Court sua sponte analyzes whether the monetary threshold is met.  "Generally, the amount in controversy is measured as of the time that a complaint is filed and it is established by the face of the complaint and the dollar-amount actually claimed."  Ford-Smith v. HMS Host Corp., No. 19-CV-0947, 2020 WL 1242394, at *3 (N.D.N.Y. Mar. 16, 2020).  "However, when 'the pleadings themselves are inconclusive as to the amount in

6

controversy,' courts may also consider evidence outside of a plaintiff's pleadings to establish, to a reasonable probability, that the amount in controversy exceeds the $75,000 jurisdictional limit." Id. (quoting United Food & Com. Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc., 30 F.3d 298, 305 (2d Cir. 1994)). "To determine whether [defendant's] burden has been met, the district court must first look to the plaintiff's complaint and then to the defendant's petition for removal." Armstrong v. ADT Sec. Servs., Inc., No. 06-CV-4925, 2007 WL 187693, at *2 (S.D.N.Y. Jan 23, 2007).

Here, neither the Notice of Removal nor the Complaint "satisfy [the Court] that the required minimum amount in controversy exists." CenterMark, 30 F.3d at 305. However, when reviewing evidence outside the pleadings, the Court finds that the amount in controversy is satisfied. Id.; see, e.g., Rescuecom Corp. v. Chumley, 522 F. Supp. 2d 429, 436 (N.D.N.Y. 2007); Felipe v. Target Corp., 572 F. Supp. 2d 455, 459 (S.D.N.Y. 2008). Indeed, the Court relied upon Plaintiff's representations that "[t]he damages in the instant matter are significantly higher" than $150,000 when it granted Plaintiff's request to remove this case from Court-annexed arbitration. (June 30, 2020 Elec. Order; Pl. Ltr., ECF No. 17). Thus, the amount in controversy exceeds $75,000 and the Court has original jurisdiction based on diversity jurisdiction. Felipe, 572 F. Supp. 2d at 459 (denying remand

7

motion and finding there "appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount" where the plaintiff "effectively conceded the amount in controversy issue" in a hearing with the court (internal citation omitted)).

As such, where, as here, original jurisdiction exists, "neither the removal statute, 28 U.S.C. § 1441, nor the supplemental jurisdiction statute, 28 U.S.C. § 1367, authorizes a federal court to remand" claims to the state court. <u>Riano v. Town of Schroeppel ex rel. Town Bd. of Town of Schroeppel</u>, No. 13-CV-0352, 2013 WL 5702263, at *7 (N.D.N.Y. Oct. 18, 2013).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand (ECF No. 20) is DENIED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   January   11  , 2021
         Central Islip, New York

8